# United States District Court
## Middle District of Florida
### Orlando Division

TRINIDAD M. RODRIGUEZ,

        Plaintiff,

-vs-                            Case No. 6:07-cv-1259-Orl-19GJK

EXPRESS CHECK CASHING II, INC., and
YARLOU BITTON,

        Defendant.

_____

## Report And Recommendation

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT (Doc. No. 20)** |
| **FILED:** | **November 27, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff Trinidad Rodriguez seeks to hold Defendants Express Check Cashing II, Inc. ("Express Check") and Yarlou Bitton (collectively "Defendants") liable for allegedly failing to pay her overtime wages and minimum wage in violation of the Fair Labor and Standards Act of 1938, as amended, 29 U.S.C. § 216(b) ("FLSA"). Rodriguez worked as a teller for Express Check from January of 2007 to June 18, 2007, and claims that she was not paid any wages for the alleged 3 hours of overtime she worked each week. Doc. No. 15-2. The parties have agreed to settle the case and have filed a motion

with the Court seeking its approval of their "Settlement Agreement and General Release." Doc. Nos. 18, 20 and 20-2.

Before the Court may approve the settlement of the FLSA claim, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In the instant case, Express Check has agreed to pay a total of $4,000.00 in two separate allocations: (1) $1,600.00 to Rodriguez as and for unpaid overtime and minimum wages; and (2) $2,400.00 to the Pantas Law Firm, P.A. as attorneys' fees and costs. *See* Doc. No. 20-2 at 2-3. The Court has reviewed the proposed settlement and finds the settlement is a fair and reasonable resolution of a bona fide dispute.[1] The case involved disputed issues of FLSA coverage, and each party was represented by independent counsel, who were obligated to vigorously represent their client.

For the reasons stated above, it is therefore

**RECOMMENDED** that parties' Joint Motion for Approval of Proposed Settlement (Doc. No. 20) be **GRANTED**. The Settlement Agreement (Doc. No. 20-2) should be approved; the case should be dismissed the case with prejudice; and the Clerk should be directed to close the case.

---

[1] Both parties urge this Court to approve the Settlement Agreement, including the amount to be paid to Rodriguez's counsel in fees and costs. The Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 18, 2008.

                                                                              /s/ Gregory J. Kelly
                                                                              Gregory J. Kelly
                                                                              United States Magistrate Judge

Copies furnished to:

The Honorable John Patricia C. Fawsett
Counsel of Record
Courtroom Deputy